**SO ORDERED.**

**SIGNED this 22 day of June, 2018.**

_____
**David M. Warren**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. 18-01563-5-DMW |
| DEBRA STEPHANIE POHL | CHAPTER 7 |
| DEBTOR | |

**ORDER REGARDING REAFFIRMATION AGREEMENT**

This matter comes on to be heard upon the Reaffirmation Agreement ("Reaffirmation Agreement") filed by American Honda Finance Corporation ("Honda") and Debra Stephanie Pohl ("Debtor") on June 7, 2018. The court conducted a telephone hearing on June 18, 2018. Philip Sasser, Esq. appeared for the Debtor, and there was no representation for Honda. Based upon the information in the Reaffirmation Agreement and case record, the court makes the following findings of fact and conclusions of law:

1.  This matter is a core proceeding pursuant to 28 U.S.C. § 157, and the court has jurisdiction pursuant to 28 U.S.C. §§ 151, 157, and 1334. The court has the authority to hear this matter pursuant to the General Order of Reference entered August 3, 1984 by the United States District Court for the Eastern District of North Carolina.

2.  The Debtor filed a voluntary petition for relief under Chapter 7 of the United States Bankruptcy Code on March 29, 2018 ("Petition Date"). On Schedule G, the Debtor listed a 2015

Honda Civic as being subject to an unexpired lease ("Lease"). The Debtor indicated on Schedule G that she intended to assume the Lease. Pursuant to the Reaffirmation Agreement, the Debtor seeks to "reaffirm" her obligations under the Lease.

3. The Lease is not subject to reaffirmation under 11 U.S.C. § 524. "[R]eaffirmations and lease assumptions are statutorily distinct and warrant distinct treatment." *In re Hayden*, No. 13-10865, 2014 WL 1612164, at *3 (Bankr. D. Vt. April 22, 2014) (citing *In re Ebbrecht*, 451 B.R. 241 (Bankr. E.D.N.Y. 2011)); *see also In re Perlman*, 468 B.R. 437 (Bankr. S.D. Fla. 2012); *In re Mortensen*, 444 B.R. 225 (Bankr. E.D.N.Y. 2011). "[R]eaffirmation under Section 524(c) is not required when a lease is assumed under Section 365(p)(2) . . . ." *Bobka v. Toyota Motor Credit Corp.*, No. 17cv2380-GPC-AGS, 2018 WL 2382766, at *1 (S.D. Cal. May 24, 2018).

4. Section 365 of the United States Bankruptcy Code provides a specific treatment of leases. A Chapter 7 trustee may assume or reject a lease. The trustee in this case had sixty days from the Petition Date to assume the Lease pursuant to § 365(d)(1). The Debtor also had an opportunity to assume the lease. The Bankruptcy Abuse Prevention and Consumer Act of 2005 (BAPCPA) added a new subsection (p) to § 365. This subsection allows the debtor—rather than a trustee—to assume a lease. *See Bobka*, 2018 WL 2382766, at *3.

5. In a Chapter 7 case in which the debtor is an individual, § 365(p)(2)(A) provides that:

> the debtor may notify the creditor in writing that the debtor desires to assume the lease. Upon being so notified, the creditor may, at its option, notify the debtor that it is willing to have the lease assumed by the debtor and may condition such assumption on cure of any outstanding default on terms set by the contract.

11 U.S.C. § 365(p)(2)(A).

6. "[Section] 365(p) provides a framework for creditors and debtors to follow should they want to enter into an agreement to assume a lease, while subsection 524(c) details the

requirements that must be adhered to in order to obtain a valid and enforceable reaffirmation agreement." *In re Abdemur*, No. 17-16875-LMI, slip op. at 6 (Bankr. S.D. Fla. June 12, 2018).

7. "Section 524(c) [of the United States Bankruptcy Code] provides a general framework under which a debtor may agree to remain personally liable for a debt obligation following entry of discharge." *Bobka*, 2018 WL 2382766, at *4. "Reaffirmation agreements are 'contrary to the stated goal of a debtor receiving a fresh start' and thus are 'subject to intense judicial scrutiny and must comply with all [524(c)] statutory requirements;'" however, "the Bankruptcy Code does not require close judicial supervision of *all* reaffirmations." *Bobka*, 2018 WL 2382766, at *4 (citing *In re Ebbrecht*, 451 B.R. 241, 243-44 (Bankr. E.D.N.Y. 2011)) and at *9 (emphasis in original).

8. While drafting the Bankruptcy Code, "Congress did not take a consistent position that judicial supervision is *always* required when a debtor converts a pre-petition obligation to a post-petition debt." *Id.* (emphasis in original). "[J]udicial supervision is not required of all reaffirmations and . . . lack of judicial approval makes sense in the context of . . . Section 365(p) which allows a lessor the power to choose whether to allow assumption . . . ." *Id.* at *13.

9. It is unclear whether the Debtor has provided Honda with notice pursuant to § 365(p)(2)(A) and has assumed the Lease pursuant to § 365(p)(2)(B), but that issue is not before the court. The court is unable to approve the reaffirmation of the obligations under the Lease because the provisions of § 524 are not applicable to the Lease; now therefore,

It is ORDERED, ADJUDGED and DECREED that the Reaffirmation Agreement be, and hereby is, not approved.

END OF DOCUMENT